1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  IVANA DJAK (NYBN 5516687)
   Assistant United States Attorney
5
    1301 Clay Street, Suite 340S
6    Oakland, California 94612
    Telephone: (510) 637-3918
7    FAX: (510) 637-3724
    ivana.djak@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 23-CR-29 JSC |
| Plaintiff, | UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM |
| v. | |
| GOLDY RAYBON, | Court:        Hon. Jacqueline Scott Corley |
| Defendant. | Hearing Date:  January 28, 2026<br>Hearing Time:  10:00 a.m. |

      On October 29, 2025, the parties filed their Sentencing Memoranda in the above captioned case. Dkt. Nos. 103; Dkt. No. 104. The government and Probation calculated the sentencing guidelines at a total offense level of 11 and a CHC of VI, with a guideline range of 27 to 33 months. *See* Dkt. No. 101, Presentence Report ("PSR") ¶¶ 24–45. The government recommended a low end of the guidelines term of 27 months. Probation recommended a below-guideline term of 22-month term. The Defendant requested that sentencing be further deferred.

      On November 5, 2025, the Court held a sentencing hearing and deferred sentencing to give the Defendant a chance to build a record of compliance with the terms of his release. Dkt. No. 108. Probation and the government had recommended against CAP participation for the Defendant. Dkt. Nos. 84, 108. The Court had previously deferred sentencing after the Defendant pled guilty to Count

One of the Indictment (Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1)) on June 25, 2025, *see* Dkt. Nos. 84, 85, and at that time set no sentencing date to allow the Defendant to build a record of compliance. The sentencing date of November 5, 2025, was only set on September 17, 2025, after this Court heard an appeal of the denial of the government's motion to remand the Defendant (where the Defendant was accused of engaging in assault). This Court denied the appeal but set a sentencing date. Dkt. No. 99.

On January 15, 2026, the Defendant was scheduled to appear before the Magistrate Court for a status hearing. On the evening of January 14, 2026, the Oakland Police Department ("OPD") contacted the government to alert the government to an ongoing investigation into the Defendant and recent contact with the Defendant by OPD. OPD advised that on January 13, 2026 the Defendant approached an Undercover Officer (the "UC") posing as a prostitute on the Oakland Blade and offered to be her pimp.

At the January 15, 2026 hearing, the government moved for remand and detention based on the Defendant's pimping activity on the Blade. The Magistrate Court set the matter for a further detention hearing and denied the government's motion that the Defendant be detained pending the detention hearing. The Defendant was ordered to return to the halfway house and to remain on lockdown pending the further hearing. Judge Hixson also denied the government's request for a one hour stay to allow this Court the opportunity to hear an appeal. Dkt. No. 119. The government filed an emergency motion for a stay pending an appeal. Dkt. No. 116. This Court granted an emergency stay and set a hearing that same day at 3:00 p.m. Dkt. No. 117. The Defendant did not return to the halfway house and did not appear at the 3:00 p.m. hearing before this Court. An arrest warrant was issued by this Court. The Defendant was in abscond status for five days and surrendered on January 20, 2026. Dkt. No. 124.

Probation submitted an amended PSR on January 22, 2026 to reflect updated criminal history information and as well as the Oakland Blade pimping activity. Probation now calculates the Defendant's CHC as V, not VI, such that a CHC of V and a total offense level of 11 result in a guideline range of 24 months to 30 months. Dkt. No. 123 (Revised Presentence Report ("Rev. PSR")). The government agrees with the revised calculation. Probation now recommends a 24-month term of incarceration, representing a low end of the guidelines sentence.

The government hereby updates its sentencing recommendation from a 27-month term to a 30-month term, reflecting a high end of the guidelines sentence. The government has repeatedly detailed the Defendant's lengthy violent criminal history, the gravity of the conduct of conviction, and his unabated violations of the conditions of his release and this Court's orders. *See* Dkt. Nos. 94, 116. This Court is aware of the extraordinary record in this case, and the dozens of chances extended to the Defendant to show a record of compliance and avoid a custodial sentence.

The Defendant remains undeterred from engaging in criminal activity and has shown this Court (hopefully for the last time) that he will not abide by any set of conditions of release or this Court's orders. The Defendant's continued violations are brazen and make a mockery of this Court's orders.

That the Defendant was found on the Oakland Blade, a known human trafficking corridor, where he was not permitted to be, at a time when he was not permitted to be there, is a violation that alone warrants remand and a custodial sentence. That the Defendant is visible in video and audio soliciting apparent prostitutes (the UC) and thereafter engaged in text exchanges with the suspected prostitute, outlining his past and current pimping activity—is egregious. There is no dispute that the phone number used to text the UC belongs to the Defendant. The text messages speak for themselves. The UC sent messages indicating her previous pimp had beaten her and not paid her properly, to which the Defendant explained he would treat her well, pay her well, set up photo shoots and help her build a regular clientele, and ensure she could make about $2000.00 a night. The Defendant referenced being in the pimping "game" for a long time. The vehicle the Defendant was seen driving on the Blade belongs to the woman who was also involved in the September 2025 physical altercation, and the conduct of conviction. The video, audio, the text exchanges, and the UC identification of the Defendant are reliable evidence, showing that at the least he again violated the conditions of his release by violating curfew and location conditions; and that at worst, he was attempting to engage in pimping activity.

That the Defendant failed to return to the halfway house as ordered by the Magistrate Court, failed to appear for the subsequent hearing as ordered by this Court, and was in abscond status for five days, demonstrates that the Defendant is a flight risk and cannot be supervised out of custody.

A 30-month sentence followed by three years of supervised release is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553. A lengthy sentence is necessary to

protect the public from an individual who has engaged in serious and dangerous criminal conduct and who has made a lifestyle of breaking the law, and who continues to break the law.

Excerpts of the Defendant's text messages with the UC are reproduced below:







DATED: January 28, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
Acting United States Attorney

/S/
_____

Ivana Djak
Assistant United States Attorney

5

23-CR-29 JSC