1  JODI LINKER
2  Federal Public Defender
   Northern District of California
3  SAMANTHA JAFFE
   Assistant Federal Public Defender
4  19th Floor Federal Building - Box 36106
   450 Golden Gate Avenue
5  San Francisco, CA 94102
   Telephone:  (415) 436-7700
6  Facsimile:  (415) 436-7706
   Email:      Samantha_Jaffe@fd.org
7

8  Counsel for Defendant RAYBON

9

10                 IN THE UNITED STATES DISTRICT COURT

11               FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13

14  | UNITED STATES OF AMERICA, | Case No.: CR 23-00029 JSC |
15  | Plaintiff, | |
16  | v. | **GOLDY RAYBON'S SUPPLEMENTAL SENTENCING MEMORANDUM** |
17  | GOLDY RAYBON, | |
18  | Defendant. | |

19

20

21      Mr. Raybon knows that he betrayed this Court's trust in him. He has tried to show that

22  he takes that breach seriously: he self-surrendered on the warrant issued by this Court two

23  business days after it was issued, and, through counsel, stipulated to detention.

24      A supplemental sealed sentencing exhibit (the PTSD testing conducted by the Officer of

25  the Federal Public Defender's Mitigation Specialist – a continuation of the testing done in

26  advance of the last sentencing hearing) has also been filed, and copies provided to this Court

27  and the government. The testing indicates that Mr. Raybon has symptoms and decision-making

28  patterns consistent with PTSD, and recommends that he receive additional mental health

services both in custody and on supervision to mitigate those, and assist with better decision-making.

Further, in another showing of Mr. Raybon's sincerity in recognizing that he has failed at what the Court asked of him, Mr. Raybon is no longer requesting a non-custodial sentence in this case. Instead, he is requesting a sixteen-month sentence, which is the low-end of the Guidelines, Probation's recommendation, less the eight months he spent in federal custody on a writ which BOP will not credit him for.[1] Without a variance from this Court, he will not get credit for those eight months spent in federal custody, without access to programming, because they will be credited to his prior state sentence. Were he to have remained in state custody, he would have had programming access during that time.

In addition, as noted in the initial defense memorandum, six of Mr. Raybon's criminal history points come from two convictions from over 20 years ago. The defense had initially requested a variance to the Category III Guideline range in this case (Mr. Raybon's criminal history calculation without those convictions), which would result in a Guidelines range of 12-18 months. The requested 16-month sentence is not only the only way to give a low-end sentence which fairly accounts for the eight months Mr. Raybon spent in federal pretrial custody pursuant to the federal writ in this case, but also a mid-range sentence based on that variance request.

**OBJECTIONS TO THE SECOND AMENDED FINAL PSR**

**Paragraph 11**: The paragraph does not include the information that the alleged victim recanted. The defense requests this be included here, rather than just by reference to Paragraph 56.

---

[1] "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**" 18 U.S.C. § 3585(b) (emphasis added). Undersigned counsel contacted BOP regional counsel in a similar circumstance, who confirmed that all of the time on the writ will be credited by BOP to the unrelated state sentence, and so Mr. Raybon's time in this case, though he spent eight months in federal custody, did not begin to run until his self-surrender date last week.

**Paragraph 13:** This conduct was never adjudicated. The defense requests that that be noted, and that, because the police report references pandering (which has a specific legal definition) the phrase "the text messages pertained to the defendant being the UC's pimp" be stricken, and the texts just summarized (e.g.: "In the text messages the defendant specifies…")

Further, the summary does not accurately reflect what occurred in magistrate court. The defense suggests the following language, which is accurate:

"During the Status Conference, the Court set an evidentiary hearing for the following Wednesday on the allegations and declined to rule on the government's motion to detain the defendant until the evidentiary hearing had occurred. The Court denied the government's request for a stay pending a motion to the District Court. Instead, the Court ordered the defendant to be locked down at the halfway house until the evidentiary hearing, with exceptions only for attorney visits and court."

Finally, the defense requests that the last sentence accurately reflect that Mr. Raybon stipulated to detention, and requests that it read: "On January 21, 2026, the defendant made an Initial Appearance before the Honorable Sallie Kim, United States Magistrate Judge, stipulated to detention without prejudice, and was remanded to custody."

**Paragraph 100**: Mr. Raybon's high school diploma is verified, a copy was provided to United States Probation, and the defense requests the PSR be amended to reflect that.

**Special Condition # 3**: This is an ammunition case. The condition as it applies to computers, cell phones, and electronic devices is not reasonably related to rehabilitation, deterrence or public safety based on the case conduct here and imposes a greater deprivation of liberty than reasonably necessary. 18 U.S.C. § 3583(d); 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(D). The defense therefore requests the condition be imposed without reference to computers, cell phones, and electronic devices.

**Special Condition # 6**: This is redundant with standard condition 1 (that Mr. Raybon not commit another federal, state, or local crime). There is no need here for duplicative conditions, and it does not serve any additional statutory sentencing purpose under 18 U.S.C. § 3553(a)(2)(C).

**Special Condition # 7**: This is not necessary, is broader than the Standard Conditions recently adopted in this District, and Probation has not laid out any reason for the imposition of this condition in this specific case: there is nothing in this case, nor in any of the Pretrial violations, that has to do with Mr. Raybon being outside of this District. If this Court is inclined to impose the condition nonetheless, the defense requests that the language include the Eastern District of California, where Mr. Raybon's daughters reside.

## CONCLUSION

Mr. Raybon knows he failed this Court. He is requesting custodial time. The defense request is the low-end of the Guideline range here, with the acknowledgment of the eight months spent in federal custody for which Mr. Raybon will, otherwise, not be credited.

January 28, 2026
Dated

JODI LINKER
Federal Public Defender
Northern District of California

       /S
SAMANTHA JAFFE
Assistant Federal Public Defender